# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11CR0671WQH |
| Plaintiff, | ORDER |
| vs. | |
| ADRIAN MADRID (3), | |
| Defendant. | |

HAYES, Judge:

The matter pending before the Court is the Motion to Reconsider Order Denying Defendant's Motion to Suppress Evidence filed by Defendant Adrian Madrid. (ECF No. 97).

## BACKGROUND FACTS

On February 23, 2011, the grand jury returned an indictment against Defendants Michael Carey, Jose Antonio Hernandez-Gutierrez, Adrian Madrid, Cuauthemoc Arturo Armendariz-Sandoval, and Javier Lacarra for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 1).

On May 24, 2012, this Court entered an order denying the motion to suppress evidence filed by the Defendant Adrian Madrid. The Court stated: "the government agents intercepted phone calls between Defendant Madrid and others indicating Defendant Madrid was involved in drug trafficking between the United States and Mexico. On March 17, 2010, agents intercepted a call indicating Defendant Madrid would be transporting contraband later that day. Government agents observed Defendant Madrid arrive at a residence, park in a closed garage,

and then leave shortly after driving southbound towards Mexico.  The Court concludes that the government agents had probable cause to believe that Defendant Madrid's vehicle contained contraband or evidence of criminal activity. The Government had probable cause to stop and search Madrid's vehicle."  (ECF No. 91 at 7-8).

## RULING OF THE COURT

Defendant Madrid moves the Court to reconsider the order denying the motion to suppress evidence on the grounds that 1) the participants in the conversations intercepted on the wiretap were not identified until the stop of the Defendant's vehicle; and 2) the vehicle stop was sixty miles from the Mexico border.  Defendant asserts that there were no facts to justify the stop and the subsequent search in this case.  Defendant further asserts that the Court improperly applied the probable cause standard instead of the reasonable suspicion standard to decide whether the stop was justified.

The Government contends that the Court applied the correct rule and found that there was ample reason to stop and search the Defendant's vehicle.

"[A] police officer may conduct an investigatory traffic stop if the officer has 'reasonable suspicion' that a particular person 'has committed, is committing, or is about to commit a crime.'" *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) quoting *United States v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000).  Officers have reasonable suspicion when "specific, articulable facts ... together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id.* at 1105 (internal quotations marks omitted).  A traffic violation alone is sufficient to establish reasonable suspicion. *See Whren v. United States*, 517 U.S. 806, 810 (1996).  In this case, the evidence shows that Deputy Sheriff observed a broken tail light and stopped the Jeep Cherokee for a violation of Vehicle Code 24525(a).

In addition to the valid traffic stop, the stop and search were justified by the "collective knowledge of all the officers involved in the investigation [even if] all of the information known to the law enforcement officers involved in the investigation is not communicated to the officer who actually [undertakes the action]." *United States v. Rameriz*, 473 F.3d 1026, 1032 (9th Cir.

1  2007). The agents knew that they were tracking a phone used by a person known as "Cunado"
2  intercepted on the court-authorized wiretaps smuggling drugs into the United States and
3  proceeds to Mexico. The call on the morning of March 17, 2012 indicated that "Cunado" would
4  be "coming down" with "invoices". (ECF No. 76 at 4). The agents tracked the Defendant and
5  the phone from San Diego to the residence Irvine. The agents saw the Defendant arrive at the
6  residence, park the car in the garage , and leave a short time later proceeding southbound on the
7  freeway toward Mexico. This Court adheres to the conclusion that "the government agents had
8  probable cause to believe that Defendant Madrid's vehicle contained contraband or evidence
9  of criminal activity." (ECF No. 91 at 7-8). *See also United States v. Brooks*, 610 F.3d 1186,
10 1193 (9th Cir. 2010) ("Under the automobile exception to the warrant requirement, police may
11 conduct a warrantless search of a vehicle if there is probable cause to  believe that the vehicle
12 contains evidence of a crime.").

13     It is hereby ordered that the Motion to Reconsider Order Denying Defendant's Motion
14 to Suppress Evidence (ECF No. 97) is DENIED.

15 DATED: July 2, 2012

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge